UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

ABIGAIL A. POWELL and JAMES W. POWELL, JR.
Individually and as Husband and Wife,

      Plaintiffs,          **NOTICE OF REMOVAL**

  -vs-

QUEST DIAGNOSTICS INCORPORATED and
QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC.

      Defendants.
-----------------------------------------------------------------

**TO: THE CLERK OF THE COURT OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NEW YORK**

Defendants, QUEST DIAGNOSTICS INCORPORATED and QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC., by their attorneys, BROWN, GRUTTADARO, GAUJEAN & PRATO, LLC, hereby give notice that the above-captioned action, which was initiated in the Supreme Court of the State of New York in Erie County, has been removed to the United States District Court for the Western District of New York

### GROUNDS FOR REMOVAL

1. This Court has original jurisdiction of this action pursuant to 28 U.S.C. 1332. The action, originally filed in the Supreme Court of the State of New York in Erie County, may be removed to this Court pursuant to 28 U.S.C. 1441(b) because it is a civil action between citizens of separate states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

### PROCEDURAL HISTORY

2. On or about September 22, 2014, plaintiffs ABIGAIL A. POWELL and JAMES W. POWELL, JR., commenced a civil action by the filing of their Summons and Complaint in

the Supreme Court of the State of New York in Erie County against defendants QUEST DIAGNOSTICS INCORPORATED and QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC. Plaintiffs seek judgment against defendants for alleged injuries sounding in medical malpractice.

3.  Plaintiffs served their Summons and Complaint via United States Mail on or about September 26, 2014. A copy of which is attached hereto as **Exhibit A.**

4.  Defendants joined issue with service of their Answer, Notice of Examination Before Trial and Demand Pursuant to CPLR 3017(c) on or about November 7, 2014. A copy of the Answer is attached hereto as **Exhibit B**.

5.  Pursuant to 28 U.S.C. 1441(a), this Court is a proper venue because the civil action was filed in New York State Supreme Court. The United States District Court for the Western District of New York is the "district and division embracing the place where which such action is pending."

## FOUNDATION FOR DIVERSITY JURISDICTION

6.  Pursuant to 28 U.S.C. 1332(a)(1), the United States District Courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of a different States."

7.  In their Summons, Plaintiffs admit they reside in the Town of Williamsville in the County of Erie in the State of New York. As such, the plaintiffs are citizens of the State of New York.

8.  Defendants are duly authorized foreign corporations in the State of New York. Both defendants are incorporated in the State of Delaware. Both defendants share a principle place of business in the Borough of Madison in the County of Morris in the State of New Jersey.

As such, and pursuant to 28 U.S.C. 1332(c)(1), the defendants are both citizens of the states of Delaware and New Jersey. Therefore, diversity of citizenship exists between the plaintiffs and the defendants.

## FOUNDATION FOR AMOUNT IN CONTROVERSY

9. At the time defendants joined issue, a demand was made by defendants pursuant to CPLR 3017(c) wherein defendants requested plaintiffs set forth the total amount of damages to which plaintiffs deem themselves entitled. A copy of said demand is attached hereto as **Exhibit C.**

10. In responding to said demand, plaintiffs have set forth $3 million as the value of the damages claimed. A copy of plaintiffs' Response To Demand For Recitation Of Damages is attached hereto as **Exhibit D**. As such, the matter in controversy exceeds the threshold limit of $75,000 mandated by 28 U.S.C. 1441.

## COMPLIANCE WITH REMOVAL PROCEDURES

11. By way of this Notice and as required by 28 U.S.C. 1446(d), defendants are filing a true and correct copy of this Notice of Removal with the Clerk of the Court of the United States District Court for the Western District of New York in Buffalo, New York. Upon successful filing, written notice will be served on plaintiffs.

12. Pursuant to 28 U.S.C. 1446(a), defendants have attached copies of all process, pleadings and orders regarding this action to date.

## RESERVATION OF DEFENSES AND RIGHT TO JURY TRIAL

13. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, defendants hereby reserve their right to a trial by jury.

14. Further, by filing of this Notice of Removal, defendants do not waive any

potential defense which may be available to them.

DATED: January 20, 2015

                                              BROWN, GRUTTADARO
                                              GAUJEAN & PRATO, LLC
                                              *Attorneys for Defendants*
                                              *QUEST DIAGNOSTICS INCORPORATED*
                                              *and QUEST DIAGNOSTIC CLINICAL*
                                              *LABORATORIES, INC.*

                      By: _____
                                              William Kalish, Esq.
                                              Hale House
                                              19 Prince Street
                                              Rochester, New York 14607
                                              (585) 454-3377
                                              wkalish@bggplaw.com


TO:    THE DIETRICH LAW FIRM, P.C.
          Rene Juarez, Esq.
          *Attorney for the Plaintiffs*
          1323 North Forest Road
          Williamsville, New York 14221
          (716) 839-3939
          rju@dietrichlawfirm.com