# EXHIBIT A

# The Dietrich Law Firm P.C.

1323 North Forest Road, Williamsville, New York 14221
Tel: (716) 839-3939 | Fax: (716) 408-8888
www.CALLJED.com



Joseph (Jed) E. Dietrich, III
President-Admitted in NY, UT and PA
JED@DietrichLawFirm.com

Rene Juarez, Esq.
Associate Attorney
RJU@DietrichLawFirm.com

Peggy Wagner
Executive Paralegal
PEG@DietrichLawFirm.com

———————————

Paralegals

Kirsten Cultrara-Haworth
KC@DietrichLawFirm.com

Beata Kraft
BEATAK@DietrichLawFirm.com

Rebecca Postek
BECCA@DietrichLawFirm.com

September 26, 2014

Quest Diagnostics
Attn: Katie DiMaria
1201 South Collegeville Road
Collegeville, PA 19426

     Re:   **Ms. Abigail Powell**
              **Incident of March 27, 2013**

Dear Ms. DiMaria:

    Please see enclosed a copy of the filed Summons, Complaint and Certificate of Merit pertaining to the above-mentioned claim for your file.

    Should you have any questions, please feel free to contact our office.

                     Very truly yours,

                     Rene Juarez, Esq.

RJ:rp:enc
cc: Ms. Abigail Powell

**AGGRESSIVE • TENACIOUS • HARDWORKING**

FILED: ERIE COUNTY CLERK 09/22/2014 09:21 AM   INDEX NO. 810787/2014

NYSCEF DOC. NO. 1                                    RECEIVED NYSCEF: 09/22/2014

**DELIVER THESE PAPERS TO YOUR LIABILITY INSURANCE CARRIER IMMEDIATELY. FAILURE TO DO SO MAY RESULT IN LOSS OF COVERAGE.**

STATE OF NEW YORK
SUPREME COURT  :  COUNTY OF ERIE
*********************************************************
**ABIGAIL A. POWELL and JAMES W. POWELL, JR.**
**Individually and as Husband and Wife**
274 Park Forest Drive
Williamsville, New York 14221

|  |  |  |
|---|---|---|
| | Plaintiffs, | **SUMMONS** |
| vs. | | |
| | | **Index No.:** |

**QUEST DIAGNOSTICS INCORPORATED**
80 State Street
Albany, New York 12207

**QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC.**
80 State Street
Albany, New York 12207

                        Defendants.
*********************************************************

**TO THE ABOVE NAMED DEFENDANTS:**

   **YOU ARE HEREBY SUMMONED** and required to serve upon the plaintiffs' attorneys an Answer to the Complaint in this action within twenty (20) days after the service of the Summons, exclusive of the day of service, or within thirty (30) days after service is complete if this Summons is not personally delivered to you within the State of New York.  In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the Complaint.

   The basis for the venue designated is the plaintiffs' residence which is 274 Park Forest Drive, Williamsville, New York 14221.

DATED:   September 3, 2014

THE DIETRICH LAW FIRM P.C.

by:

Rene Juarez, Esq.
Attorneys for the Plaintiffs
1323 North Forest Road
Williamsville, New York 14221
(716) 839-3939

2

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE
*****************************************************************

ABIGAIL A. POWELL and JAMES W. POWELL, JR.,
Individually and as Husband and Wife,

                              Plaintiffs,

                                                    **COMPLAINT**

            vs.

                                                    **Index No.:**

QUEST DIAGNOSTICS INCORPORATED and
QUEST DIAGNOSTICS CLINICAL
LABORATORIES, INC.,

                              Defendants.
*****************************************************************

The plaintiffs, above-named, by The Dietrich Law Firm P.C., for their complaint

against the defendants, above-named, allege upon information and belief:

1.      At all times herein relevant the plaintiffs have been residents of the County

of Erie and State of New York.

2.      At all times herein relevant the plaintiffs have been lawfully married and

living together as husband and wife.

3.      At all times herein relevant the defendant Quest Diagnostics Incorporated

has been a foreign business corporation duly authorized to do business in the State of

New York.

4.      At all times herein relevant the defendant Quest Diagnostics Incorporated

has conducted business as Quest Diagnostics at 3980 Sheridan Drive, Dent Tower, in

the Town of Amherst, County of Erie and State of New York.

5.      At all times herein relevant the defendant Quest Diagnostics Incorporated

has leased and/or owned certain property located at 3980 Sheridan Drive, Dent Tower, in the Town of Amherst, County of Erie and State of New York.

6.    Upon information and belief, and at all times herein relevant, the defendant Quest Diagnostics Incorporated, conducting business as Quest Diagnostics, held itself out to the general public in the Town of Amherst, New York, and its environs, to be a competent and skilled medical care facility for patients for the purpose of providing and rendering medical care and treatment

7.    At all times herein relevant the defendant Quest Diagnostics Clinical Laboratories, Inc. has been a foreign business corporation duly authorized to do business in the State of New York.

8.    At all times herein relevant the defendant Quest Diagnostics Clinical Laboratories, Inc. has conducted business as Quest Diagnostics at 3980 Sheridan Drive, Dent Tower, in the Town of Amherst, County of Erie and State of New York.

9.    At all times herein relevant the defendant Quest Diagnostics Clinical Laboratories, Inc. has leased and/or owned certain property located at 3980 Sheridan Drive, Dent Tower, in the Town of Amherst, County of Erie and State of New York.

10.    Upon information and belief, and at all times herein relevant, the defendant Quest Diagnostics Clinical Laboratories, Inc., conducting business as Quest Diagnostics, held itself out to the general public in the Town of Amherst, New York, and its environs, to be a competent and skilled medical care facility for patients for the purpose of providing and rendering medical care and treatment.

11.    Upon information and belief, at all times herein relevant,  the defendants

2

held out their staff of physicians, residents, interns, nurses, technicians, and other medical personnel employed at Quest Diagnostics, located at 3980 Sheridan Drive, Dent Tower, in the Town of Amherst, County of Erie and State of New York, as having the proper and requisite skills and learning required to render skillful and proper care and treatment, including examination, testing, diagnosis, treatment and management of patients seeking medical services.

12.     Upon information and belief, on or about March 27, 2013, the plaintiff Abigail A. Powell sought medical treatment from the defendants at Quest Diagnostics, located at 3980 Sheridan Drive, Dent Tower, in the Town of Amherst, County of Erie and State of New York.

13.     Upon information and belief, on or about March 27, 2013, the defendants and/or their agents, servants, representatives and/or employees undertook medical care, examination and/or treatment of the plaintiff Abigail A. Powell.

14.     Upon information and belief, on or about March 27, 2013, it was the duty of the defendants and/or their agents, servants, representatives and/or employees to follow the applicable standard of medical care in the care, examination and/or treatment provided to the plaintiff Abigail A. Powell.

15.     Upon information and belief, on or about March 27, 2013, the plaintiff Abigail A. Powell underwent a phlebotomy procedure on her right arm at Quest Diagnostics, located at 3980 Sheridan Drive, Dent Tower, in the Town of Amherst, County of Erie and State of New York.

16.     Upon information and belief, during the procedure described in Paragraph

3

15 above, the plaintiff Abigail A. Powell experienced and suffered severe, substantial and significant pain in her right arm.

17.   Upon information and belief, during the procedure described in Paragraph 15 above, the phlebotomist stated to the plaintiff Abigail A. Powell that she may have hit a nerve.

18.   Upon information and belief, the phlebotomist described in Paragraph 15 above was an employee, agent, representative and/or servant of the defendants and was acting in the scope of that employment, agency, and/or servant relationship, and during the phlebotomy procedure performed on the plaintiff Abigail A. Powell, failed to follow the applicable standard of medical care causing the plaintiff Abigail A. Powell severe, permanent and debilitating injuries.

19.   Upon information and belief, the phlebotomist described in Paragraph 15 above was an employee, agent, representative and/or servant of the defendants and was acting in the scope of that employment, agency, and/or servant relationship, and during the phlebotomy procedure performed on the plaintiff Abigail A. Powell, deviated from the applicable standard of medical care causing the plaintiff Abigail A. Powell severe, permanent and debilitating injuries.

20.   Upon information and belief, the defendants, by their employees, agents, representatives and/or servants, failed to follow the applicable standard of medical care during the phlebotomy procedure performed on the plaintiff Abigail A. Powell, causing the plaintiff Abigail A. Powell severe, permanent and debilitating injuries.

21.   Upon information and belief, the defendants, by their employees, agents,

4

representatives and/or servants, deviated from the applicable standard of medical care during the phlebotomy procedure performed on the plaintiff Abigail A. Powell, causing the plaintiff Abigail A. Powell severe, permanent and debilitating injuries.

22.     Upon information and belief, the defendants were negligent and/or careless by failing to employ proper procedures, practices, policies, supplies and/or qualified personnel reasonably necessary for the health, treatment, welfare and/or safety of the plaintiff Abigail A. Powell.

23.     The incident described in Paragraphs 15 through 19 above occurred as a result of the negligence and/or carelessness of the defendants and/or their employees, agents, representatives and/or servants, without any negligence attributable in any measure to the plaintiff Abigail A. Powell.

24.     The limitations on liability set forth in CPLR Article 16 do not apply herein; one or more of the exemptions set forth in CPLR §1602 applies.

**AS AND FOR A FIRST CAUSE OF ACTION**
**ON BEHALF OF THE PLAINTIFF ABIGAIL A. POWELL**
**AGAINST THE DEFENDANT QUEST DIAGNOSTICS INCORPORATED**

25.     The plaintiffs repeat and re-allege the paragraphs above as if set forth in their entirety herein.

26.     The defendant Quest Diagnostics Incorporated had a duty to follow the applicable standard of medical care in the care, examination and/or treatment provided to the plaintiff Abigail A. Powell.

27.     The phlebotomist described in Paragraph 15 above failed to follow the applicable standard of medical care during the phlebotomy procedure performed on the

plaintiff Abigail A. Powell, causing the plaintiff Abigail A. Powell severe, permanent and debilitating injuries.

28.     The phlebotomist described in Paragraph 15 above deviated from the applicable standard of medical care during the phlebotomy procedure performed on the plaintiff Abigail A. Powell, causing the plaintiff Abigail A. Powell severe, permanent and debilitating injuries.

29.     The incident described in Paragraphs 15 through 19 above occurred as a result of the negligence and/or carelessness of the phlebotomist employed by the defendant Quest Diagnostics Incorporated, and by virtue of the doctrine of Respondeat Superior, the defendant Quest Diagnostics Incorporated is responsible for the acts of its employee.

30.     The incident described in Paragraphs 15 through 19 above occurred as a result of the defendant Quest Diagnostics Incorporated's negligence and/or carelessness without any negligence attributable in any measure to the plaintiff Abigail A. Powell.

31.     The defendant Quest Diagnostics Incorporated was negligent and/or careless by failing to employ proper procedures, practices, policies, supplies and/or qualified personnel reasonably necessary for the health, treatment, welfare and/or safety of the plaintiff Abigail A. Powell.

32.     As a result of the negligence and/or carelessness of the defendant Quest Diagnostics Incorporated as alleged above, the plaintiff Abigail A. Powell was injured and has suffered damages in an amount which exceeds the monetary jurisdictional

limits of all the lower New York State Courts but does not exceed the monetary jurisdictional limits of the New York State Supreme Court.

**AS AND FOR A SECOND CAUSE OF ACTION
ON BEHALF OF THE PLAINTIFF ABIGAIL A. POWELL
AGAINST THE DEFENDANT QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC.**

33.    The plaintiffs repeat and re-allege the paragraphs above as if set forth in their entirety herein.

34.    The defendant Quest Diagnostics Clinical Laboratories, Inc. had a duty to follow the applicable standard of medical care in the care, examination and/or treatment provided to the plaintiff Abigail A. Powell.

35.    The phlebotomist described in Paragraph 15 above failed to follow the applicable standard of medical care during the phlebotomy procedure performed on the plaintiff Abigail A. Powell, causing the plaintiff Abigail A. Powell severe, permanent and debilitating injuries.

36.    The phlebotomist described in Paragraph 15 above deviated from the applicable standard of medical care during the phlebotomy procedure performed on the plaintiff Abigail A. Powell, causing the plaintiff Abigail A. Powell severe, permanent and debilitating injuries.

37.    The incident described in Paragraphs 15 through 19 above occurred as a result of the negligence and/or carelessness of the phlebotomist employed by the defendant Quest Diagnostics Clinical Laboratories, Inc., and by virtue of the doctrine of Respondeat Superior, the defendant Quest Diagnostics Clinical Laboratories, Inc. is responsible for the acts of its employee.

38.     The incident described in Paragraphs 15 through 19 above occurred as a result of the defendant Quest Diagnostics Clinical Laboratories, Inc.'s negligence and/or carelessness without any negligence attributable in any measure to the plaintiff Abigail A. Powell.

39.     The defendant Quest Diagnostics Clinical Laboratories, Inc. was negligent and/or careless by failing to employ proper procedures, practices, policies, supplies and/or qualified personnel reasonably necessary for the health, treatment, welfare and/or safety of the plaintiff Abigail A. Powell.

40.     As a result of the negligence and/or carelessness of the defendant Quest Diagnostics Clinical Laboratories, Inc. as alleged above, the plaintiff Abigail A. Powell was injured and has suffered damages in an amount which exceeds the monetary jurisdictional limits of all the lower New York State Courts but does not exceed the monetary jurisdictional limits of the New York State Supreme Court.

**AS AND FOR A THIRD CAUSE OF ACTION**
**ON BEHALF OF THE PLAINTIFF JAMES W. POWELL, JR.**
**AGAINST THE DEFENDANT QUEST DIAGNOSTICS INCORPORATED**

41.     The plaintiffs repeat and re-allege the paragraphs above as if set forth in their entirety herein.

42.     The plaintiff James W. Powell, Jr. is the lawful husband of the plaintiff Abigail A. Powell and as such is entitled to her companionship, society and consortium and as a result of the injuries herein-before alleged, has been deprived of said companionship, society and consortium and was otherwise required to render services for the care and cure of the plaintiff Abigail A. Powell and, as such, has been damaged

8

in an amount which exceeds the monetary jurisdictional limits of all the lower courts but does not exceed the monetary jurisdictional limits of the New York State Supreme Court.

## AS AND FOR A FOURTH CAUSE OF ACTION
## ON BEHALF OF THE PLAINTIFF JAMES W. POWELL, JR.
## AGAINST THE DEFENDANT QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC.

43.   The plaintiffs repeat and re-allege the paragraphs above as if set forth in their entirety herein.

44.   The plaintiff James W. Powell, Jr. is the lawful husband of the plaintiff Abigail A. Powell and as such is entitled to her companionship, society and consortium and as a result of the injuries herein-before alleged, has been deprived of said companionship, society and consortium and was otherwise required to render services for the care and cure of the plaintiff Abigail A. Powell and, as such, has been damaged in an amount which exceeds the monetary jurisdictional limits of all the lower courts but does not exceed the monetary jurisdictional limits of the New York State Supreme Court.

**WHEREFORE**, the plaintiffs demand judgment against the defendants, jointly and severally in all causes of action in an amount which exceeds the monetary jurisdictional limits of all lower New York State Courts but does not exceed the monetary jurisdictional limits of the New York State Supreme Court.  The plaintiffs demand such other and further relief as the Court may deem just and proper, together with the costs and disbursements of this action.

Dated:     September 3, 2014

THE DIETRICH LAW FIRM P.C.

by:

René Juarez, Esq.
Attorneys for the Plaintiffs
1323 North Forest Road
Williamsville, New York 14221
(716) 839-3939

10

INDEX NO. 810787/2014

FILED: ERIE COUNTY CLERK 09/26/2014 09:37 AM

NYSCEF DOC. NO. 2

RECEIVED NYSCEF: 09/26/2014

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE
*************************************************************

**ABIGAIL A. POWELL and JAMES W. POWELL, JR.,**
**Individually and as Husband and Wife,**

                            Plaintiffs,

                                                        **CERTIFICATE OF MERIT**

            vs.                                         **Index No.:**

**QUEST DIAGNOSTICS INCORPORATED and**
**QUEST DIAGNOSTICS CLINICAL**
**LABORATORIES, INC.,**

                            Defendants.
*************************************************************

    Rene Juarez, Esq., an attorney duly licensed to practice law in the State of New

York, hereby declares, pursuant to CPLR § 3012-a, that:

    1.    I am an attorney for the plaintiffs.

    2.    I have reviewed the facts of the case and consulted with a physician who

is licensed to practice in this state.

    3.    I reasonably believe said physician is knowledgeable in the relevant

issues involved in the particular action.

    4.    I have concluded on the basis of such review and consultation that there is

a reasonable basis for the commencement of such action.

THE DIETRICH LAW FIRM P.C.

by:

Rene Juarez, Esq.
Attorneys for the Plaintiffs
1323 North Forest Road
Williamsville, New York 14221
(716) 839-3939

Sworn to before me this 3 day
of September, 2014.

Notary Public

Peggy E. Wagner
Notary Public-State of New York
Qualified in Erie County
My Comm. Expires Feb. 21, 2018
No. 01WA6141246

2